UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLENE LAPATRA,

                              Plaintiff,

                                                                                             <u>DECISION AND ORDER</u>

                                                                                            05-CV-6200L

                              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____


Plaintiff in this action for Social Security benefits has moved for an order awarding attorney's fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's attorney seeks fees in the amount of $11,977 on the basis of a contingent-fee agreement between plaintiff and plaintiff's attorney, pursuant to which plaintiff agreed to pay her attorney 25% of the amount of any past due benefits awarded to plaintiff in this case. Defendant, the Commissioner of Social Security ("the Commissioner"), opposes the motion on the grounds that the requested fees would result in a windfall to plaintiff's attorney.


**BACKGROUND**


Plaintiff applied for Social Security disability benefits on December 15, 2003, alleging disability as of June 6, 2003. The decision of an administrative law judge ("ALJ") denying

plaintiff's application became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 15, 2005. This action followed.

On December 8, 2005, the Court issued a Decision and Order remanding the case for further administrative proceedings based on errors committed by the ALJ, some of which were conceded by the Commissioner. 402 F.Supp.2d 429. On remand, the ALJ granted plaintiff's application for benefits, finding that plaintiff had been disabled since June 6, 2003. Dkt. #11-4 at 8.

On September 1, 2007, the Social Security Administration ("SSA") issued a Notice of Award stating, *inter alia*, that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved lawyer's fee," and that in this case, the SSA "withheld $11,977.00 from [plaintiff's] past due benefits in case [the SSA] need[s] to pay [plaintiff's] lawyer." Dkt. #11-5 at 3. Plaintiff's past due benefits, then, would be four times that amount, or $47,908.

By stipulation and order entered on January 23, 2006, the Court, pursuant to the agreement of the parties, awarded $3016 in attorney's fees to plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. #10. The stipulation and order directed that the fee award be paid to plaintiff's attorney, but it also provided that "[i]n the event that plaintiff's attorney receives fees for the same work under both section 206(b) of the Social Security Act and section 2412(d) of United States Code (EAJA), plaintiff's attorney shall refund to the plaintiff the amount of the smaller fee." *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (recognizing that an attorney who receives fees under EAJA and the Social Security Act must refund the smaller fee to the client).

**DISCUSSION**

The Social Security Act provides that as part of its judgment, a court may allow "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In opposing the present motion, however, the Commissioner argues that to award a full 25% here, *i.e.* $11,997, would be a windfall to plaintiff's attorney. In particular, defendant notes that plaintiff's attorney spent nineteen hours on litigating this case before this Court, which would work out to an hourly rate of $631.42. The Commissioner argues that this would "constitute[] a windfall to counsel in light of the routine nature of this case and [that this rate] far exceeds the prevailing market rate for the local area." Def. Mem. of Law (Dkt. #13) at 3. The Commissioner contends that "the fee should be reduced," *id.* at 4, though he does not state by how much.

As the Commissioner himself recognizes, however, in *Gisbrecht* the Supreme Court rejected the use of the "lodestar" method (*i.e.*, the number of hours reasonably expended times a reasonable hourly rate) to awarding fees under § 406(b) where the plaintiff and her attorney have entered into a contingent-fee agreement. Instead, *Gisbrecht* instructs courts to "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." 535 U.S. at 808. The Court did not provide a definitive list of factors to be considered, though it did indicate that a court might take into account "the character of the representation and the results ... achieved," whether counsel's delay caused past-due benefits to accumulate, or whether past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. The

Court also noted that in enacting the attorney's fee provision, Congress sought not only "to protect claimants against inordinately large fees[, but] also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Id.* at 805 (internal quotation marks omitted).

As this Court has noted in another case, "[d]eference should be given ... to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Wells v. Sullivan, 907 F.2d 367, 371 ($2^d$ Cir. 1990). In *Joslyn*, the Court awarded the plaintiff's attorney (who is also plaintiff's counsel in the case at bar) fees in the amount of $38,116.50, which represented 25% of the plaintiff's past due benefits, minus fees already paid to the attorney for his services at the administrative level. Since the attorney had spent 42.75 hours representing the plaintiff in federal court, in effect, he was compensated at an hourly rate of $891.61.

In granting the full amount of the award sought, the Court observed that "[a]t first blush, the award may seem large ... ." The Court nevertheless concluded that it was not a windfall, for a number of reasons, including the quality of counsel's representation, and because his

> skill and expertise in handling social security benefits cases resulted in the efficient handling of this case. The Commissioner's contention that the attorney's fees would result in a windfall because they are disproportionately high given the amount of time McDonald expended is unavailing because it fails to take into account the effort and skill expended by McDonald, as well as the risk he assumed that he would receive no compensation at all.

*Id.* at 457.

I apply the same reasoning here. The amount of time and effort that counsel spent on this case was reasonable, and he achieved excellent results. In addition, I note that counsel spent 18.25 hours at the administrative level (as well as 11.25 hours of paralegal time), for which he has stated that he will not seek an award.[1]

Other post-*Gilbrecht* courts have also approved fee awards that, if calculated in terms of hourly rates, would be similarly sizable. *See*, *e.g.*, *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005) ($736.84); *Koester v. Astrue*, 482 F.Supp.2d 1078 (E.D.Wis. 2007) ($580.67); *Martin v. Barnhart*, 225 F.Supp.2d 704 (W.D.Va. 2002) (over $605); *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D.Ga. 2005) (about $638). As one such court from this circuit put it, "[w]hile we can imagine a situation where the net hourly rate resulting from a contingency award might be so outside the bounds of reasonableness as to require a reduction, that is not the case here." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (awarding what amounted to $705.21 per hour).[2]

## CONCLUSION

Plaintiff's motion for attorney's fees in the amount of $11,997 pursuant to 42 U.S.C. § 406(b)(1) is granted. The award is to be made payable to William J. McDonald, Jr., Esq., attorney

---

[1] Although this Court has no power to award fees for work performed at the administrative level, *see McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006), the Court may consider such work as a factor in determining whether the contingent-fee agreement was reasonable under § 406(b). *SeeMudd v. Barnhart,* 418 F.3d 424 (4th Cir. 2005).

[2] In addition, in *Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006), this Court approved an award of $21,544 to the plaintiff's attorney. Although the hourly rate was not at issue in that case, the award was equivalent to $539 per hour. *See* 02-CV-6406, Dkt. #23-2 ¶ 10.

for plaintiff.  Upon receipt of this award, McDonald is ordered to refund to the plaintiff, Charlene LaPatra, the amount of $3,016.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 9, 2008.